IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

      Plaintiff,                        No. CIV S-04-2516 GEB EFB P

    vs.

D. SPALDING, et al.,

      Defendants.              ORDER

_____/

       Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983; 42 U.S.C. §§ 12131 - 12164.  The court previously dismissed plaintiff's complaint with leave to amend and he has filed a first amended complaint.  The court has reviewed that complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim for deliberate indifference to his serious medical needs against Spaulding, Moreno and Thomas for alleged retaliation, and against the California Medical Facility ("CMF") for alleged violations of plaintiff's rights under Title II of the Americans with Disabilities Act ("ADA").  *See* 28 U.S.C. § 1915A.

////

////

////

1

For the reasons stated below, the court finds that the complaint does not state a cognizable claim for conspiracy or any claim against the California Department of Corrections and Rehabilitation.[1]

Plaintiff may proceed forthwith to serve defendants Spaulding, Moreno, Thomas and the California Medical Facility, and pursue his claims against only those defendants or he may delay serving any defendant and attempt to cure the deficiencies identified below.

Plaintiff purports to sue the CDCR. However, he makes no allegations against the CDCR. Furthermore, Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The CDCR is a state agency. Cal. Pen. Code §§ 5002, 5003 (West Supp. 2007). Thus, plaintiff cannot pursue this action against the CDCR.

Plaintiff alleges that he is the victim of various conspiracies. He claims that defendants Cruz, Moreno, Thomas and Spaulding conspired to disregard plaintiff's medical conditions and disabilities by denying him appropriate housing. Am. Compl., at 9. He also alleges that on a different occasion, defendants Thomas, Moreno, Cruz, Spaulding and an unspecified number of "Doe" defendants conspired to disregard plaintiff's medical needs by placing him in a housing wing where adequate care for his medical needs and accommodation for his disabilities were unavailable. Finally, he alleges that about 50 "Doe" defendants conspired to disregard plaintiff's medical condition in retaliation for his having consulted an attorney about the conditions of his confinement. Am. Compl., at 11. To state a claim for conspiracy, a plaintiff must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy

---

[1] Since plaintiff filed his initial complaint, the California Department of Corrections has been redesignated as the California Department of Corrections and Rehabilitations. *See* Cal. Pen. Code §§ 5002, 5003 (West Supp. 2007).

without factual specificity is insufficient. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's allegations of conspiracy fail to satisfy this standard.

If plaintiff elects to attempt to amend his complaint to cure the deficiencies identified, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Spaulding, Moreno, Thomas and CMF, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all other claims without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; *cf*. Rule 9(b) (setting forth rare exceptions to simplified pleading).

////

1    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
2 directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
3 point of a simplified pleading system, which was adopted to focus litigation on the merits of a
4 claim."); Fed. R. Civ. P. 8.
5    Plaintiff must eliminate from his pleading all preambles, introductions, argument,
6 speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible
7 defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)
8 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El
9 v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
10 Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able
11 to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A
12 long, rambling pleading including many defendants with unexplained, tenuous or implausible
13 connection to the alleged constitutional injury, or joining a series of unrelated claims against
14 many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and
15 an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these
16 instructions. If plaintiff's pleading is deficient on account of an omission or technical defect, the
17 court will not dismiss it without first identifying the problem and giving plaintiff an opportunity
18 to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will
19 be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff
20 violates the federal rules, once explained, or the court's plain orders.
21    An amended complaint must be complete in itself without reference to any prior
22 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
23 files an amended complaint, the original pleading is superseded.
24    By signing a second amended complaint plaintiff certifies he has made reasonable
25 inquiry and has evidentiary support for his allegations and that for violation of this rule the court
26 may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against Spaulding, Moreno, Thomas and CMF.

Accordingly, the court hereby orders that:

1. Plaintiff's claims of conspiracy and claims against the CDCR are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Spaulding, Moreno, Thomas and CMF. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed August 5, 2005, four USM-285 forms and instructions for service of process on defendants Spaulding, Moreno, Thomas and CMF. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five copies of the endorsed August 5, 2005, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R.

1  Civ. P. 4.  Defendants Spaulding, Moreno, Thomas and CMF will be required to respond to
2  plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the
3  court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his
4  defective claims without prejudice.

Dated:  May 5, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,               No. CIV S-04-2516 GEB EFB P

    vs.

D. SPALDING, et al.,

    Defendants.           NOTICE OF SUBMISSION OF DOCUMENTS

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        1      completed summons form

        4      completed forms USM-285

        5      copies of the August 5, 2005 First Amended Complaint

Dated:

                                          Plaintiff